UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NELSON EQUIPMENT CO., INC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-0399** |
| **QUALITY IRON FABRICATORS, INC.** | **SECTION: "G" (4)** |

### ORDER

Before the Court is a **Motion for Leave to file Counterclaim (R. Doc. 17)** filed by Defendant Quality Iron Fabricators, Inc. seeking permission from the Court to file a counterclaim. The motion is not opposed. The motion was submitted on October 5, 2016. For the following reasons, the motion is **GRANTED.**

I.     **Background**

This diversity action was filed in the District Court on May 2, 2016 by Plaintiff Nelson Equipment Company, Inc. ("Plaintiff") asserting breach of contract, detrimental reliance, and unjust enrichment claims against the Defendant Quality Iron Fabricators, Inc. ("Defendant"). R. Doc. 1. The Plaintiff states that it entered into a contract and a subcontract with the Defendant for the Plaintiff to provide labor, freight, and materials for the construction and installation of two steel mezzanines at the New Orleans Veterans Administration Hospital. R. Doc. 1, p. 2. The Plaintiff alleges that the Defendant has refused payment despite the Plaintiff performing the work and providing materials. The Plaintiff now seeks damages and costs for the Defendant's alleged breach of contract and unjust enrichment as well as the Plaintiff's detrimental reliance on the Defendant's representations and promises to pay. *Id.* at p. 9.

At this time, the Defendant has filed a motion for leave to file a counterclaim. R. Doc. 17. In particular, the Defendant wants to assert a claim that the Plaintiff in fact breached the contract at issue in this case by failing to timely and properly perform the work, particularly the wire mesh

panels involved in the project. R. Doc. 17-3, p. 1-2. The Defendant's counterclaim seeks the cost of the Plaintiff's failure to perform as well as any liquidated damages that could be assessed to the Defendant by Clark/McCarthy Construction, whom the Defendant originally contracted with in connection with the project. *Id.* at p. 2.

**II.    Standard of Review**

Generally, Federal Rule of Civil Procedure 13 governs counterclaims and cross-claims. Under Rule 13(a) a party must state any compulsory counterclaims that is has against an opposing party. A counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and does not require adding another party over whom the court cannot acquire jurisdiction." The Fifth Circuit has outlined four questions to determine if a counterclaim is compulsory:

> (1) whether the issues of fact and law raised by the claim and counterclaim largely are the same; (2) whether *res judicata* would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; (3) whether substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim; and (4) whether there is any logical relationship between the claim and the counterclaim.

*Tank Insulation Int'l, Inc. v. Insultherm, Inc.*, 104 F.3d 83, 85-86 (5th Cir. 1997) (citing *Park Club, Inc. v. Resolution Trust Corp.*, 967 F.2d 1053, 1058 (5th Cir. 1992)). The counterclaim is compulsory if any of those four questions is answered affirmatively. *Id.* Finally, "[a] counterclaim which is compulsory but is not brought is thereafter barred. . . ." *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469, n. 1 (1974).

Prior to the 2009 amendments to the Federal Rules of Civil Procedure, Rule 13(f) stated that "The Court may permit a party to amend a pleading to add a counterclaim if it was omitted through oversight, inadvertence, or excusable neglect or if justice so requires." Fed. R. Civ. P.

13(f) (2008) (amended Dec. 1, 2009). In 2009, the Federal Rules of Civil Procedure Advisory Committee abrogated Rule 13(f), noting:

> Rule 13(f) is deleted as largely redundant and potentially misleading. An amendment to add a counterclaim will be governed by Rule 15. Rule 15(a)(1) permits some amendments to be made as a matter of course or with the opposing party's written consent. When the court's leave is required, the reasons described in Rule 13(f) for permitting amendment of a pleading to add an omitted counterclaim sound different from the general amendment standard in Rule 15(a)(2), but seem to be administered--as they should be--according to the same standard directing that leave should be freely given when justice so requires. The independent existence of Rule 13(f) has, however, created some uncertainty as to the availability of relation back of the amendment under Rule 15(c). . .Deletion of Rule 13(f) ensures that relation back is governed by the tests that apply to all other pleading amendments.

2009 Advisory Committee Notes to Federal Rule of Civil Procedure. As such, an amendment seeking to add a compulsory counterclaim is governed by the standards for amendment to pleadings under Rule 15.

Rule 15(a) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id.* In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

"Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir.2002)). When denying a motion to amend, the court must have a "substantial reason" considering such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously

3

allowed, undue prejudice to the opposing party ...and futility of the amendment.'" *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994). An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. *Id.* (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir 2003)).

### III.   Analysis

Here, the Defendant has filed a motion for leave to file a counterclaim. R. Doc. 17. First, the counterclaim that the Defendant seeks to file is a compulsory counterclaim. The Defendant's counterclaim alleges breach of contract against the Plaintiff in connection with the same contract at issue in the claim filed by the Plaintiff. As such, both the claim and counterclaim consist largely of the same facts and likely the same legal issues, namely the actions of either party in their respective performance of the underlying contract. Therefore, the counterclaim is a compulsory counterclaim that the Defendant must assert. *See Tank Insulation Int'l, Inc.,* 104 F.3d at 85-86. (noting counterclaim is compulsory if "the issues of fact and law raised by the claim and counterclaim largely are the same").

Second, because the Defendant did not include the compulsory counterclaim in its answer, the Court will construe the instant motion as a motion to amend the Defendant's pleading to add a counterclaim. *See* 2009 Advisory Committee Notes to Federal Rule of Civil Procedure (discussing "[a]n amendment to add a counterclaim"). Applying the liberal standard to amend pleadings under Federal Rule of Civil Procedure 15, the Court finds that the Defendant should be allowed to amend its answer. First, there is no evidence of "undue delay, bad faith or dilatory motive on the part of the movant." *See Marucci Sports, LLC*, 751 F.3d at 378. The Defendant filed the motion within the time period established by the District Court's scheduling order. R. Doc. 12. Second, there have been no prior amendments to the pleading through which the Defendant could have

previously corrected the missing compulsory counterclaim. Third, because the facts and issues underlying the counterclaim are largely the same as the claim and the date for trial is currently scheduled for July of 2017, the Court finds that allowing the instant amendment to add the counterclaim will not prejudice the Plaintiff. Finally, the Defendant's counterclaim is not futile. "It is well-established, of course, that the Rule 12(b)(6) analysis necessarily incorporates the federal pleading standard articulated in *Bell Atlantic Corp. v. Twombly*: 'To pass muster under Rule 12(b)(6), [a] complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.'" *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, 818 F.3d 193, 200 (5th Cir. 2016). The counterclaim, taken as a whole, provides enough information to be plausible on its face and "nudged [the] claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Therefore, the Defendant has met Rule 15's liberal standard to amend, and the Court will grant the Defendant's motion.

## IV.     Conclusion

Accordingly,

**IT IS ORDERED** that Defendant's **Motion for Leave to file Counterclaim (R. Doc. 17) is GRANTED**.

New Orleans, Louisiana, this 5th day of October 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**